UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　The Government,<br>　　v.<br>EFREN SOTO,<br>　a/k/a<br>　Efren Ochoa-Soto,<br>　　　Defendant. | Case No. 5:05-cr-00590-EJD-1<br><br>**ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO CORRECT AND GRANTING GOVERNMENT'S MOTION TO DISMISS** |

Presently before the Court is pro se Defendant Efren Soto's Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Dkt. No. 41. In response, the Government filed a Motion to Dismiss. Dkt. No. 48. The Court has carefully reviewed the relevant documents and pertinent law, and finds that Defendant is not entitled to relief. The Court DENIES Defendant's motion and GRANTS the Government's motion.

**I.　Background**

On September 14, 2005, the Defendant was indicted for one count of possessing 50 grams or more of methamphetamine with intent to distribute as well as aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2 ("Count 1"), on a second count for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) ("Count 2"), and a third count for possessing a firearm while an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3) ("Count 3"). Dkt. No. 1. Prior to this indictment, Defendant had three convictions. Dkt. No. 23. at ¶ 2. Two of those were for possession of a controlled substance for sale in violation of California Health and Safety Code § 1378. Id. The third was for

transportation of a controlled substance in violation of California Health and Safety Code § 11379. Id.

Defendant pled guilty to Counts 1 and 2 of the indictment as per a plea agreement entered in August 2006. Id. at ¶ 1 ("the Plea Agreement"). In the Plea Agreement, Defendant admitted that police found several bags totaling 479 grams of pure methamphetamine and a .38 caliber revolver in his residence. Id. Defendant agreed to the United States Sentencing Guideline ("USSG") calculation for his narcotics offense and a two-point enhancement under USSG § 2D1.1(b)(1) for possessing a dangerous weapon. Id. at ¶ 8. Defendant also waived his right to appeal his conviction, the judgment, and any aspect of his sentence, and he explicitly agreed not to file a collateral attack on his conviction or sentence, including a petition under 28 U.S.C. § 2255, for a claim for ineffective assistance of counsel. Id. at ¶ 6. On October 18, 2006, Defendant was sentenced to 240 months imprisonment for Count 1 and 120 months for Count 2, which were to run concurrently. Dkt. No. 27. Count 3 was dismissed. Id.

On June 23, 2016, Defendant filed the present Motion requesting the Court to review the two-point enhancement for possession of a deadly weapon in light of the Supreme Court case Johnson v. United States, 135 S. Ct. 2551 (2015). Dkt. No. 41. Generally, Defendant argues that the decision in Johnson "applies to the parallel clause in §924(c)(3)(B) and 922(g)(1), (g)(3), rendering the clause void for vagueness" and as a "new 'substantive' rule of law and, as such, should apply to cases that had been closed before the date of [the Johnson] decision." Id. In construing Defendant's claim liberally, the Court understands that Defendant maintains his sentence should be corrected by retroactively applying Johnson to Defendant's case.

On January 12, 2018, the Court requested a response from the Government as to Defendant's 28 U.S.C. § 2255 motion. Dkt. No. 45. The Government filed its Motion to Dismiss in opposition. Dkt. No. 48. The Government argues that (1) Johnson does not apply here and (2) the Sentencing Guidelines are not subject to vagueness challenges. The Court agrees with the Government's first argument, so it need not address the second.

## II. LEGAL STANDARD

### A. 28 U.S.C. § 2255 Motion

Section 2255 authorizes a "prisoner in custody under sentence of a court" to "move the court which imposed the sentence to vacate, set aside or correct the sentence" based on a violation of federal law. 28 U.S.C. § 2255(a). Relief under § 2255(a) is limited to particular grounds – namely, "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See United Stats v. Berry, 624 F.3d 1031, 1038 (9th Cir. 2010). If a court finds error on one of these enumerated grounds, then "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Following the submission of a § 2255 motion, the court must grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Id.; see also United States v, Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994). In other words, a court need not hold an evidentiary hearing where the prisoner's allegations, when viewed against the record, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004). "[C]onclusory statements in a § 2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) (quoting United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980)).

### B. Pro Se Pleadings

Where, as here, the pleading at issue is filed by a party proceeding pro se, it must be construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). In doing so, the court "need not give . . . the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the [party's] favor." McKinney v. De Board, 507

F.2d 501, 504 (9th Cir. 1974). The court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." Id. But pro se parties must still abide by the rules of the court in which they litigate. Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir. 1986). A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the [party] can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972).

### III. DISCUSSION

Johnson does not apply to Defendant's case and therefore cannot provide him the relief he seeks. In Johnson, the Court struck the "residual clause" from the Armed Career Criminal Act ("ACCA") for being unconstitutionally vague. 135 S. Ct. at 2562. The "residual clause" is the "[o]therwise involves conduct that presents a serious risk of physical injury to another" portion of the definition for "violent felony" in the ACCA. 18 U.S.C. § 924(e)(2)(B)(ii). The ACCA provides that a person who has three prior convictions for either a violent felony, a serious drug offense, or both and violates § 922(g) will be fined and imprisoned no less than 15 years. 18 U.S.C. § 924. It then separates the definition of "serious drug offense" and "violent felony." 18 U.S.C. § 924(e)(2)-(e)(3). "Violent felony" is any crime that has an element of actual, attempted, or threatened use of physical force upon another individual. 18 U.S.C. § 925(e)(2)(B)(i). It also includes an enumerated list of felonies including burglary, arson, extortion, the use of explosives, or "*otherwise involves conduct that presents a serious risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added to denote "residual clause"). The "residual clause" only appears in the definition for "violent felony." Id. "Serious drug offense" refers to federal or state offenses concerning controlled substances with a maximum sentence of ten years or more. §924(e)(2)(A).

Johnson has no applicability to Defendant's sentencing. Here, the Court applied the USSG in calculating Defendant's sentence, not the ACCA. Furthermore, Defendant acknowledged and agreed to the Sentencing Guidelines calculation as outlined in his plea agreement. Dkt. No. 23.

Case No.: 5:05-cr-00590-EJD-1
ORDER DENYING DEFENDANT'S 28 U.S.C. §2255 MOTION TO CORRECT AND GRANTING GOVERNMENT'S MOTION TO DISMISS

4

¶ 8. In construing the Defendant's motion liberally, Defendant appears to reason that his sentence should be modified because the combination of his three prior convictions and his current 922(g) conviction puts him in the realm of the ACCA and the residual clause should apply. However, this is not the case for two reasons. First, while Defendant had three prior convictions at the time of the Plea Agreement, these convictions were for transporting and selling controlled substances in violation of California Health and Safety code and would fall under the definition of "serious drug offense" and not "violent felony." See Dkt. No. 23. at ¶ 2. Therefore, his sentence was not affected by the residual clause at issue in Johnson. Second, the Court applied the USSG in calculating Defendant's sentence and did not apply the ACCA. See Dkt. No. 23. at ¶ 8. Defendant was sentenced pursuant to the drug quantity table at U.S.S.G. § 2D1.1(c) and by the two-point enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon. Id. Neither of these are related to the residual clause of the ACCA nor are they related to a "violent felony."

## IV. CONCLUSIONS AND ORDER

The Government's motion to dismiss is GRANTED. Defendant's motion to vacate or correct his sentence is DENIED with prejudice. The record shows that Defendant is not entitled to relief, thus Defendant is not entitled to hearing.

**IT IS SO ORDERED.**

Dated: June 28, 2019

EDWARD J. DAVILA
United States District Judge